IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DANIELLE PATTON AND CHANDLER CONE<br>*Plaintiff*<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br>*Defendant* | §§§§§§§§§§§<br><br>CIVIL ACTION NO. _____ |

## **PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, DANIELLE PATTON and CHANDLER CONE (hereinafter referred to as "PLAINTIFFS"), and file this his Original Complaint complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter referred to as "Defendant" or State Farm) and for cause of action would respectfully show unto the Court as follows:

### **JURISDICTION AND VENUE**

(1)     This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332(a) and (c), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiffs are citizens of the State of Texas. The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is a foreign corporation, organized and formed in the State of Illinois, is not a citizen of Texas and its principle office is in the State of Illinois.

(2)     Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(b), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## PARTIES

(3) The Plaintiff, DANIELLE PATTON, is a resident of Wood County, Texas.

(4) The Plaintiff, CHANDLER CONE, is a resident of Wood County, Texas.

(5) The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is a foreign corporation organized and existing under the laws of Connecticut and maintains its principal place of business in Connecticut. Defendant is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served through serving its Registered Agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FACTUAL ALLEGATIONS

(6) On or about July 20, 2024, Plaintiff, Danielle Patton, was operating a 2018 White Ford Explorer bearing VIN # 1FMJU1HT5JEA28311 and bearing Texas License Plate # TX 5954A92 traveling north on S SW Loop 323. Plaintiff, Chandler Cone was an authorized passenger in the vehicle that Danielle Patton was operating. Jesus Pena, an underinsured motorist driver, was operating a 2005 Silver Infiniti QX50 bearing VIN # 5N3AA08A65N802645 and bearing Texas License Plate # TX CJZ1053 and traveling Eastbound on SH 31 when Jesus Pena disregarded and ran a red light causing the vehicle he was operating to strike the vehicle that Plaintiffs, Danielle Patton and Chandler Cone were occupying causing Plaintiffs to sustain severe permanent and disabling injuries. Further, at the time of the collision in question, Jesus Pena was legally intoxicated and after the collision in question, fled the scene of the accident.

(7) At such time and at all times material hereto, Plaintiffs were protected against loss caused by bodily injuries and resulting from the ownership, maintenance or use of an underinsured motor vehicle by a policy of insurance issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY being policy number 582 5459-C17-43C and

insuring Plaintiffs and DAVID PATTON and LINDA PATTON who are the parents of Plaintiff DANIELLE PATTON.

## **NEGLIGENCE OF JESUS PENA, AN UNDERINSURED MOTORIST**

(8) Plaintiff incorporates by reference paragraphs 1 through 7 above.

(9) Plaintiff alleges JESUS PENA, an underinsured motorist through his acts and omissions, was negligent, and such negligence was a proximate cause of the occurrence and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of JESUS PENA, an underinsured motorist:

   a. In negligently operating the vehicle in question;

   b. In failing to maintain a proper lookout;

   c. In failing to apply his brakes as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

   d. In disregarding a traffic control device sign;

   e. In driving intoxicated;

   f. In running a red light;

   g. In traveling at an excessive rate of speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

   h. In failing to remain attentive to his surroundings and traffic, as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

   i. In engaging in conduct that was distracting;

   j. In failing to yield right-of-way to Plaintiff's vehicle;

   k. In entering the intersection when it was unsafe to do so;

   l. In driving recklessly;

   m. JESUS PENA was negligent in other respects.

(10 JESUS PENA's acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se.  In this regard, Defendant, JESUS PENA, violated the following standards of conduct set forth in Tex. Trans. Code which constituted negligence per se and was a proximate cause of the accident and the injuries in question:  [1]

  a. In violating Texas Transportation Code §545.351(b), which provides, "an operator may not drive a vehicle at a speed that is greater than is reasonable and prudent under the conditions and having regarding to actual and potential hazards then existing, and shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with the law and the duty of each person to use due care," which constituted negligence.

  b. In violating Texas Transportation Code §545.152: "to turn left into an intersection or into an alley or private road or driveway, an operator shall yield the right of way to a vehicle that is approaching from the opposite direction and that is the intersection or in such proximity to the intersection as to be an immediate hazard," which constituted negligence.

  c. In violating Texas Transportation Code §545.151(a)(1)(2), which provides, "an operator approaching an intersection:  shall stop, yield, and grant immediate use of the of the intersection in obedience to an official traffic-control device, including a stop sign or yield right-of-way sign.......after stopping, may proceed when the intersection can be safely entered without interference or collision with traffic using a different street or roadway," which constitutes negligence per se.

  d. In violating Texas Transportation Code §545.402, which provides, "an operator may not begin movement of a stopped, standing, or parked vehicle unless the movement can be made safely," which constituted negligence.

  e. In violating Texas Penal Code §49.04, which provides, "a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place," which constituted negligence per se.

---

[1] Plaintiff asserts that in the event any of these allegations and statutes plead do not constitute negligence per se under Federal law, said statutes are being plead for the purpose of setting out the standard of care which the Defendant at all times material hereto,  was required to adhere to and a violation of same would have constituted negligence under common law.

## CAUSE OF ACTION
## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

(11) Plaintiff incorporates by reference paragraphs 1 through 10 above.

(12) Plaintiff alleges the motor vehicle causing his damages as described herein was at all times material to this action an "underinsured motor vehicle" as defined in the policy of insurance issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and Plaintiff has fully complied with all the terms of the insurance policy issued by Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as a condition precedent to bringing this suit. Further, Plaintiff alleges that he was covered by the policy of insurance issued by the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and qualifies for underinsured motorist coverage benefits under said policy according to the specific terms and conditions of said policy during all times material hereto, including the date and time of the accident which occurred on July 20, 2024.

## DECLARATORY RELIEF

(13) Plaintiff further asserts, based on the foregoing facts, and pursuant to the policy of insurance in force and effect between Plaintiff and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY at the time of the accident, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. 2201 and pursuant to Texas Civil Practice & Remedies Code Ch. 37 construing the contract of insurance and declaring Plaintiff's rights and obligations under the contract.  Specifically, Plaintiff seeks findings that the driver the cause of the wreck was negligent, the amount of damages that Plaintiff suffered in the wreck, the amount that Plaintiff is legally entitled to recover from the driver, the cause of the wreck, that the driver the cause of the wreck was an underinsured motorist, that Plaintiff is entitled to recover from Defendant Plaintiff's damages resulting from the motor vehicle collision the subject of this suit, that Plaintiff's damages fall within the coverage afforded Plaintiff under the policy in

question the Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY issued and sold to Plaintiffs employer, and specifying the amount of damages, interest, attorneys fees, and court costs that Defendant is obligated to pay.

## **DAMAGES**

(14)   Plaintiff, DANIELLE PATTON, damages include past, and probable future loss, which includes:

    a.    Physical pain and mental anguish and suffering, including the loss of enjoyment of life;

    b.    Physical and mental impairment;

    c.    Disfigurement;

    d.    Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

    e.    loss of wages and wage-earning capacity;

    f.    prejudgment interest at the maximum legal rate.

(15)   Plaintiff, CHANDLER CONE, damages include past, and probable future loss, which includes:

    a.    Physical pain and mental anguish and suffering, including the loss of enjoyment of life;

    b.    Physical and mental impairment;

    c.    Disfigurement;

    d.    Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical and hospital care, including rehabilitative services and devices.

    e.    loss of wages and wage-earning capacity;

    f.    prejudgment interest at the maximum legal rate.

## ATTORNEY'S FEES

(16) Plaintiff is entitled and seeks to recover reasonable and necessary attorney's fees that are equitable and just in this suit for declaratory relief pursuant to 28 U.S.C. §2201 and §2202 and Texas Civil Practice & Remedies Code section 37.009 under the Uniform Declaratory Judgment Act as well as the Texas Supreme Court opinion issued in *Allstate Insurance Company v. Irwin,* No. 19-0885 (Tex. May 21,2021).

(17) Plaintiff respectfully requests a trial by jury on all issues.

(18) Plaintiff seeks judgment against Defendant for his actual damages set forth above, together with attorney's fees, pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

s/*Jimmy M. Negem, Sr.*
Jimmy M. Negem, Sr.
State Bar No. 14865500
Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem, Jr.
State Bar No. 24115371
Nicholas M. Negem
State Bar No. 24123713
Negem & Worthington
1828 E SE Loop 323
Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)
Jimmy@Negemlaw.com
ATTORNEYS FOR PLAINTIFFS